O’Neall, J.
delivered the opinion of the Court.
In this case, if it be assumed that the title in the defendant’s wife cannot stand upon any higher or belter ground *ban t^iat a grant> 011 g°°d consideration, from her father, in such a case, there could be no doubt that it was only per se, by debts existing at the time the conveyance was made to her by her brother, or at the sheriff’s sale, wben be purchased. The existing debts have been paid, and according to all our cases, the title is good.
But it is urged that the arrangement by and under which John A. bought, at the sheriff’s sale in 1840, the land for $5, constitutes an express or actual fraud, and that as fraud destroys every thing in any way affected by it, therefore, that the deed to him is void, and of course that to his sister. It may be, that the creditors then existing, could set up the fraud, and thus destroy the title. But it by no means follows, if they could do so, that, therefore, others, not standing in •equali jure with them, could also do it. If they, the existing creditors, do not challenge the title in the defendant Charlotte, or if they be paid off, and therefore cannot, it is in vain to talk about the fraud. For if no one legally entitled to complain does, or if by being paid, they cannot, how is it possible for a Court to declare a fraud to exist, or undertake to furnish a remedy unasked for, or unnecessary ? It is true, there might arise a case in which the fraud might -be set up, where the existing debts were passive, or had been paid off. If to pay existing debts, or if after paying existing debts, the whole of the debtor’s estate would be or had been consumed, and subsequent debts existing, when such payment was to be or had been made, would be left without the means of payment, then the land liable to the payment of the existing debts, on account of the fraud, would, at the instance of the subsequent creditors, be so declared.
But no such case exists here. The existing debts were paid in the life time of John Ingrem, and Arant, as his creditor, so far as I am informed by the case, had, then, no existence. John Ingrem, therefore, in respect to him and the sale *569 made in 1847, stands in the same position that a man would who did not owe a cent beyond a trifling debt, for which there might be an execution in the sheriff’s office, and under it, he should choose to have his land sold and conveyed to his son for a nominal price, which he should pay himself, stipulating that the land should be conveyed to another child, and that he, the father, should, during life, remain with that child in possession, and should, afterwards, also pay the balance of the debt on the execution. In such a case, could there be a fraud ? There is no more possibility of a fraud, under such circumstances, than there would be of theft, in a man stealing from himself his own goods. To be a fraud, there must be some person affected or to be affected by it: if there be no injury, there can be no fraud.
6 Stat‘483,
Motten v. Aiken, 2 Spears, 113,
It is very true, however, that this transaction, which, on the face of the deeds, appears to be for valuable consideration, if John Ingrem be regarded, in law, as the grantor, may, perhaps, be considered and treated as standing, in truth, upon no higher consideration than that of natural love, good will, and affection. In such a point of view, if it had been a gift of personal property, then, there is no doubt his subsequent possession (he and the donee living together) would, under the Act of 1832, reuder the gift void, as against subsequent creditors. This Act, however, does not extend to estate, the title to which does not rest in possession, but in deed. I suppose, however, if a grantor remain in possession with a child to whom he has conveyed, and the deed be not recorded, or is unknown to the creditor who trusts him on the faith that the land of which he is in possession is his, that, then, in such a case, the subsequent creditor might avoid such a title as being fraudulent against him. For the stat. 13 Eliz. c. 5, sec. 2, does not necessarily make a voluntary conveyance void as to subsequent creditors. There must be, in such a case, as Roberts, in his treatise on fraudulent conveyances, page 452, says: “ some accessary indications of fraud.”
In this case, if the deeds from the sheriff to John A. Ingrem, and from him to his sister, Chailotte, were necessarily to be considered as if made by John Ingrem, still it would be enough to say we have no certain proof of such accessary indications of fraud. We have no proof whether the deed from the sheriff to John A. Ingrem be recorded; it appears that the deed from John A. to Charlotte was recorded in time; theie is not any testimony by which it can be known whether John Ingrem got credit on the faith of his possession. It is very true, in most cases, the facts mentioned above and not proved, would, without contrary proof, be taken to be against the grantee. But in a case like this, resting upon the proof of such an ingrate as James B. Ingrem, I would *570 not conclude the defendants without an opportunity to have _ these matters investigated.
Harrington r, Withcrspoon, 1848 Col™" ’ ’
Roberts on veyaUchap sec. 6, p. 463.
Harp. Rep. 295.
But I rejoice to have it in my power to say that the defendants’s title is not to be considered as if John Ingrem was their grantor. They stand upon a higher and better legal ground. Their title is exactly the same as if John A. In-grem had been furnished with funds, by his father, to buy another man’s land, and he had directed him to convey it to Charlotte. For in this case, the sale under execution legally divests his title to the land, and confers it upon the purchaser, John A. That John Ingrem furnished the money tnakes a resulting trust, which can alone be reached in equity. The conveyances by the sheiiff to John A. and by him to Charlotte, are not within the letter or the intent of the 13 Eliz. c. 5, and 27 Eliz. c. 4. There can be, therefore, no valid legal objection to such a title.
The deed to Charlotte was recorded; if the deed from the sheriff to John A. be not recorded, it could not affect, in this point of view, the defendant’s rights. For the deed is not that of John Ingrem, under whom the plaintiff claims, by a subsequent sheriff’s sale and deed, and hence not within the recording Act. But it is not necessary to place this part of the case on that point, for a decision. The plaintiff, the purchaser, had full and explicit notice, and that, according to McFall v. Sherrard, was sufficient.
The motion for a new trial is granted.
Richardson, J. — and Evans, J. — concurred.
Motion granted.